UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREGORY HILL,

    Plaintiff,

    v.

ARLEEN NOLAN, et. al,

    Defendants.

Case No. 1:15-cv-648

Beckwith, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On October 5, 2015, Plaintiff Gregory Hill initiated this action by filing a *pro se* complaint against four individuals who are presumed to be associated with the "Drop In [sic] Center," a homeless shelter. Plaintiff states that on October 4, 2015, his case manager, identified only as "Kasia" (no last name) informed him that he was required to leave the "Shelterhouse" by October 11, 2015. Plaintiff alleges that he was not told why he had to leave, but that he believes it is "retaliation because I have filed several Grievances that [are] attached to this Complaint." Plaintiff further alleges that his grievances have not been responded to, and states his belief that a response and hearing are required "within ten (10) business days" under unspecified state and federal laws. Plaintiff seeks $400.00 in compensatory damages, and an equivalent sum in punitive damages, pursuant to the federal civil rights statute, 42 U.S.C. §1983.

    **I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a

*sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); see also 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); see also Hill, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs

dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]' devoid of 'further factual enhancement." *Id.* at 557.

**II. Analysis**

**A. Judicial Notice of Plaintiff's prior cases**

The undersigned takes judicial notice that the same Plaintiff appears to be a relatively experienced pro se litigator. The records of this Court reflect a series of civil rights cases filed in this Court over the years by what appears to be the same individual plaintiff. *See, e.g.*, prisoner civil rights cases, Case No. 1:93-cv-577; Case No. 1:94-cv-49; Case No. 1:94-mc-203; Case No. 1:95-cv-40; Case No. 1:05-cv-488; Case No. 2:09-cv-1109, and Case No. 1:11-cv-143 (filed by Plaintiff following his release from incarceration). In the last case, Plaintiff attempted to bring claims against individuals whom Plaintiff identified as the Executive Director of the Volunteer of America's

Southern Ohio Rehabilitation Treatment Services (SORTS) program, and the Program Director of SORTS. In that case, a stipulated dismissal with prejudice was filed after Defendants filed a motion for judgment on the pleadings.

### B. Analysis of §1983 Claims

While the above referenced cases have no direct bearing on the instant complaint, they have been referenced to better inform any reviewing court of the relative experience of this particular pro se litigant. However, the same result would be recommended regardless of whether this Plaintiff had previously filed a single case.

Plaintiff's complaint should be dismissed for failure to state a claim because it does not include any allegations against three of the four individuals he identifies as defendants: Arleen Nolan, John Wager, and Fanny Johnson. The complaint purports to assert claims pursuant to 42 U.S.C. §1983, but fails to allege that any of the four identified Defendants acted under color of State law, or in what manner any of the four might have deprived Plaintiff of his Constitutional rights. To state a § 1983 claim, plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Hines v. Langhenry*, 462 Fed. Appx. 500, 503 (6th Cir. 2011) (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). For the reasons discussed, Plaintiff has failed to state a viable §1983 claim.

Only one of the four Defendants is mentioned at all in the complaint. Although Plaintiff's case manager is briefly referenced by her first name, the complaint contains no allegations that she acted under color of state law, and the only allegations against

4

her fail to suggest any violation of Plaintiff's constitutional rights.

The undersigned further takes judicial notice that the "Shelterhouse," from which Plaintiff alleges he was recently asked to leave, appears to be the same entity that represents itself at "Shelterhousecincy.org" and identifies itself as "formerly Drop Inn Center." According to its website, the entity is a social service agency that provides transitional housing for the homeless, as well as other services, and was founded by a single private individual. It is not operated by the State of Ohio, and is not a state agency. *See, e.g.* http://www.shelterhousecincy.org/about-us/history/ (accessed on October 6, 2015); *see also Greater Cincinnati Coal. for the Homeless v. City of Cincinnati*, 56 F.3d 710, 714 (6th Cir. 1995)("The Drop Inn Center provides transitional housing for approximately 250 people per day as well as drug and alcohol treatment programs, food, showers, and personal hygiene items."). The phrase "under color of state law" generally means that the actor's actions must be attributable to the state. *Siskaninetz v. Wright State University*, 175 F. Supp.2d 1018, 1023 (S.D. Ohio 2001). Although a private actor may (rarely) be deemed to be acting under color of state law given appropriate circumstances, there are no facts whatsoever alleged in Plaintiff's complaint that would give rise to any such claim here against any of the four identified Defendants. *Accord Quinn v. C.I.A.*, 2013 WL 594240 at 6 (W.D. Ky. Feb. 14, 2013)(dismissing complaint under 28 U.S.C. §1915A against revival minister, Hells Angels, priest, and Homeless Shelter because "none of those parties are state actors.").

### III. Conclusion and Recommendation

For the reasons discussed above, **IT IS RECOMMENDED THAT:**

1. Plaintiff's complaint should be DISMISSED with prejudice.

2. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

GREGORY HILL,

       Plaintiff,                                        Case No. 1:15-cv-648

    v.                                                Beckwith, J.
                                                        Bowman, M.J.

ARLEEN NOLAN, et. al,

       Defendants.

**NOTICE**

    Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).